# SUPREME COURT.

## James Langdon agt. The Mayor, Aldermen and Commonalty of the City of New York.

*New York (city of) — Clerks of departments — Right of removal by reason of the diminution of business in the department.*

Clerks of the different departments may be removed by the heads of the same, for the reason that by the diminution of business, their services are no longer needed. Such ground of removal *held* to be sufficient,

Although the board of apportionment has adjusted the salary, and the amount for prospective services has been apportioned, such acts cannot deprive the head of the department of the power, or relieve him from the duty of making the removal, if there is nothing for such clerk to do.

*Special Term, February,* 1882.

MOTION for a new trial on the minutes.

*Charles P. Miller*, for motion.

*D. J. Dean*, opposed.

VAN VORST, *J.* — The plaintiff was a regular clerk in the bureau of the commissioners of taxes, in the finance department of the city of New York, at a salary at the rate of $1,200 per annum.

Before the 1st of July, 1875, he received a notice from the comptroller, informing him that he proposed to remove him from his office of clerk; that the cause · of the proposed removal was the diminution of business in the department, and that he would be allowed an opportunity of making any explanation to the comptroller on the first day of July, at an hour named. On that day he was removed for the reason stated, that by the diminution of business, his services were no longer needed.

The plaintiff was not discharged for any reason affecting his character as a good and efficient clerk, nor for any delinquency on his part.

The question arises, was the ground for his alleged removal sufficient?

I think such question must be answered in the affirmative.

No satisfactory reason can be urged for the continuance of the employment of a clerk in the public service when, by the diminution of business, it can be dispensed with.

The hazard of removal upon such grounds, is one which an individual must take when he accepts an appointment of that nature. I do not understand that clerks in the department to which the plaintiff was attached, are employed by the year or for any stated time, although the amount to be paid for services is adjusted upon an annual basis, and it is but reasonable to conclude, that if there is not work to be done, they may be discharged at any time, upon reasonable notice.

Langdon agt. Mayor, Aldermen and Commonalty of New York.

Section 28 of chapter 335, Laws of 1873, contains nothing in opposition to this view, but, as I apprehend, rather confirms it.

Conceding that a previous notice of the contemplated discharge, stating the reasons therefor, was necessary, such notice was given.

I am referred by the counsel to the corporation to the opinion of justice VAN BRUNT, in the case of *The People ex rel. Thompson* agt. *The Police Commissioners*, in which he says : " There could seem to be no better reason assigned for the removal of the relator than that the board could dispense with such services, and thereby save the amount of his salary." This I take to be a correct statement of the duty of the head of the department in such cases.

That the money had been appropriated to pay this salary does not affect the question.

Although the board of apportionment had adjusted the salary, and the amount for prospective services had been apportioned, such acts could not deprive the comptroller of the power, or relieve him from the duty of making the removal, if there was nothing for the plaintiff to do.

It is suggested, however, by the plaintiff's counsel, that he could have removed temporary clerks. I cannot think that the judgment of the comptroller, as to whether one clerk rather than another should be removed, upon an occasion like the one under consideration, should be displaced by that of the court or jury. The decision of such a question must be left with the head of the department, who is presumed to know its wants.

I see no reason for interfering with the disposition made of this case at the trial, and the motion for a new trial is denied.